## J. A. GOODE'S ADMR. *v.* ELIZABETH GOODE.

**Executions—Sale of Land—Transfer by Purchaser.**

By the sheriff's sale, the equity of the intestate in the land passed and by the transfer to Banister of Moore's purchase he acquired the equity and when Mrs. Goode paid Banister for it she in equity was substituted to all his rights.

**Vendor and Purchaser—Parol Sale of Land—Objection.**

The parol evidence of the sale of the land was not objected to and if it had been the judgment and execution under which the sale was made would have been produced. The objection to the evidence comes too late, when it is made for the first time in the court of appeals.

### APPEAL FROM MARION CIRCUIT COURT.

December 18, 1871.

OPINION BY JUDGE PETERS:

By the evidence it is shown that the land claimed by appellee was sold by virtue of an execution against her late husband, the intestate, and the witness, Moore, purchased it at the sheriff's sale; that he transferred the benefit of his purchase to Banister, and he transferred, by parol *it may be, the benefit of the same to appellant,* or to her and her husband, but however that was, it is very clear that appellee paid Banister for it, in part by conveying to him the land she inherited from her father, Mr. Mc-Carty, and the residue out of money she had deposited in the Commercial Bank at Lebanon; that money she deposited in the bank as early as April, 1863, and paid to Banister the difference between the price of the land in controversy and what he allowed for her land out of the fund deposited in said bank.

By the sheriff's sale the equity of intestate in the land passed, and by the transfer to Banister of Moore's purchase he acquired that equity, and when Mrs. Goode paid Banister for it, she, in equity, was substituted to all his rights.

The parol evidence of the sale of the land was not objected to; if it had been it can scarcely be questioned that the judgment and execution under which the sale was made would have been produced. The objection to the evidence comes too late, when it is made for the first time in this court.

42

As therefore appellee has paid for the land the court properly adjudged it to her, and directed the sheriff who made the sale to convey it to her.

Wherefore the judgment is *affirmed*.

*W. B. Harrison, for appellant.*

*Noble, for appellee.*